*E-FILED - 12/8/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ULYSSES DAVIS, JR., | ) | No. C 09-2990 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| GOV. ARNOLD SCHWARZENEGGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

     Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed in forma pauperis in a separate order. The court will DISMISS the complain with leave to amend.

**DISCUSSION**

A.    Standard of Review

     A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police

1   <u>Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

2        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

3   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

4   the alleged violation was committed by a person acting under the color of state law.  <u>See</u> <u>West v.</u>

5   <u>Atkins</u>, 487 U.S. 42, 48 (1988).

6   B.    <u>Plaintiff's Claim</u>

7        Plaintiff claims that on February 8, 2007, he was seen by Dr. Jarom Daszko for an

8   infected scalp.  Dr. Daszko ordreed a diabetic test and blood work.  Dr. Daszko prescribed

9   diabetic medication.  Plaintiff is not a diabetic and had serious adverse reactions to the

10  medications.  Plaintiff wishes to sue Dr. Daszko for misdiagnosing his ailment.

11       Deliberate indifference to serious medical needs violates the Eighth Amendment's

12  proscription against cruel and unusual punishment.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104

13  (1976).  A determination of "deliberate indifference" involves an examination of two elements:

14  the seriousness of the prisoner's medical need and the nature of the defendant's response to

15  that need.  <u>See</u> <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other</u>

16  <u>grounds</u>, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A

17  "serious" medical need exists if the failure to treat a prisoner's condition could result in

18  further significant injury or the "unnecessary and wanton infliction of pain."  <u>Id.</u>  A prison

19  official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious

20  harm and disregards that risk by failing to take reasonable steps to abate it.  <u>Farmer v. Brennan</u>,

21  511 U.S. 825, 837 (1994).  In order for deliberate indifference to be established, there must

22  be a purposeful act or failure to act on the part of the defendant and resulting harm.  <u>See</u>

23  <u>McGuckin</u>, 974 F.2d at 1060.  Such indifference may appear when prison officials deny, delay or

24  intentionally interfere with medical treatment.  <u>See</u> <u>id.</u> at 1062.

25       A showing of nothing more than a difference of medical opinion as to the need to pursue

26  one course of treatment over another is insufficient, as a matter of law, to establish deliberate

27  indifference.  <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).  A claim of medical

28  malpractice or negligence is insufficient to make out a violation of the Eighth Amendment.  <u>See</u>

1   Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004).

2        Plaintiff's allegation that Dr. Daszko misdiagnosed him with diabetes appears only to

3   complain that Dr. Daszko was negligent in his medical assessment.  Plaintiff's claim does not

4   assert that Dr. Daszko was deliberately indifferent to his medical needs.  See id.

5        However, plaintiff will be given the opportunity to file an amended complaint if he can in

6   good faith allege facts to cure this deficiency.  Within thirty (30) days from the date of this order,

7   plaintiff shall file an amended complaint.  The amended complaint must indicate which specific,

8   named defendant(s) were involved, what each defendant did, what effect this had on plaintiff and

9   what right plaintiff alleges was violated.  Plaintiff may not combine multiple claims in a single

10  paragraph.  Neither may plaintiff submit a narrative of events.

11       The amended complaint supersedes the initial complaint.  The amended complaint may

12  not incorporate by reference any parts of the original complaint or filings in another action.  The

13  amended complaint must be a completely new and self-contained document.   Failure to file an

14  amended complaint will result in dismissal of plaintiff's claims.

15  C.   Named defendants

16       In addition to naming Dr. Daszko, plaintiff names defendants Schwarzenegger (Governor

17  of California), San Quentin Prison Warden Ayers, and California's State Heath Care Receiver J.

18  Clark Kelso.  Plaintiff does not allege that these defendants played any part of Dr. Daszko's

19  diagnoses of diabetes or prescription of medication.  Therefore, plaintiff appears to be attempting

20  to sue these defendants in their capacity as a supervisor.  A supervisor may be liable under

21  § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient

22  causal connection between the supervisor's wrongful conduct and the constitutional violation.

23  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation

24  omitted).  A supervisor therefore generally "is only liable for constitutional violations of his

25  subordinates if the supervisor participated in or directed the violations, or knew of the violations

26  and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Under

27  no circumstances is there respondeat superior liability under § 1983.  That is, under no

28  circumstances is there liability under § 1983 solely because one is responsible for the actions or

1   omissions of another.  Id.

2       Plaintiff's allegations do not support a theory of liability against Defendants

3   Schwarzenegger, Ayers, or Kelso for the asserted injuries based upon their personal participation

4   or policymaking decisions.  Accordingly, the claims against Defendants Schwarzenegger, Ayers,

5   and Kelso are DISMISSED WITH LEAVE TO AMEND.  If plaintiff can in good faith allege

6   facts to cure the pleading deficiency he may add this information to his amended complaint.

7                                    **CONCLUSION**

8       For the foregoing reasons, the court hereby orders as follows:

9       1.      Defendants Schwarzenegger, Ayers, and Kelso are DISMISSED with leave to

10  amend.

11      2.      Plaintiff's complaint is DISMISSED with leave to amend.

12      3.      Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date

13  this order is filed to cure the deficiencies described above.  The amended complaint must include

14  the caption and civil case number used in this order (09-2990 RMW (PR)) and the words

15  AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the

16  prior complaint by reference.  **Failure to file an amended complaint within thirty days and in**

17  **accordance with this order with result in dismissal of these claims.**

18      4.      Plaintiff is advised that an amended complaint supersedes the original complaint.

19  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

20  in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

21  Defendants not named in an amended complaint are no longer defendants.  See Ferdik v.

22  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

23      5.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff's must keep the

24  court informed of any change of address by filing a separate paper with the clerk headed "Notice

25  of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to

26  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

27  of Civil Procedure 41(b).

28  ///

1   IT IS SO ORDERED.

2   DATED: _12/7/09_

                                      RONALD M. WHYTE
                                        United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.09\Davis990dwla.wpd