*E-FILED - 3/24/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULYSSES DAVIS, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>GOV. ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | No. C 09-2990 RMW (PR)<br><br>ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

Plaintiff, a state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court dismisses defendants Governor Schwarzenegger, Warden Ayers, and J. Clark Kelso, and orders service on the remaining defendant, Dr. Jarom Daszko.

**BACKGROUND**

On July 2, 2009, plaintiff filed an original complaint. On December 8, 2009, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and dismissed it with leave to amend. The court informed plaintiff of several deficiencies in the complaint and directed him to file an amended complaint correcting those deficiencies if he could do so in good faith. On January 11, 2010, plaintiff filed his amended complaint.

**DISCUSSION**

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>See</u> <u>id.</u> § 1915A(b)(1), (2). <u>Pro</u> <u>se</u> pleadings must, however, be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." <u>Id.</u> at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B. <u>Plaintiff's Claims</u>

**1. Defendant Dr. Jerom Daszko**

Plaintiff claims that on February 8, 2007, plaintiff was seen by Dr. Jerom Daszko for

treatment for an infected scalp condition for a third degree burn injury.  Dr. Daszko deliberately ordered a diabetic test to be done on plaintiff and prescribed diabetic medication to plaintiff even though he knew that plaintiff was not a diabetic.  Cognizant of the court's duty to construe pro se complaint liberally, see Hughes v. Rowe, 449 U.S. 5, 9 (1980), plaintiff's allegation states a cognizable claim that defendant Dr. Jerom Daszko violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs and deliberate indifference to his safety by failing to properly treat plaintiff's medical condition.

### 2. Defendants Schwarzenegger, Ayers, and Kelso

Plaintiff further alleges that defendants Schwarzenegger, Ayers, and Kelso contributed to plaintiff's injuries and are liable in a supervisory capacity.

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

The United States Supreme Court explained the "plausible on its face" standard of Twombly.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

Plaintiff's allegations regarding the liability of these three defendants are made in general terms and are conclusory – simply that these defendants "knew or should have known" about the alleged violations and "directly or indirectly" contributed to such.  Conclusory allegations "are not entitled to the assumption of truth."  Id.  This is exactly the kind of allegation that the Court in Iqbal determined was not adequate to state a claim.

Because plaintiff's allegations against these defendants are "bare assertions . . .

amount[ing] to nothing more than a formulaic recitation of the elements" of a constitutional claim, the allegations are not entitled to the presumption of truth. Iqbal, 129 S. Ct. at 1951. Omitting the conclusory allegations from plaintiff's amended complaint, plaintiff's claims against those defendants do not include any factual allegation sufficient to plausibly suggest that these defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); see Iqbal, 129 S. Ct. at 1952.

Even after petitioner was given the opportunity to amend his petition to allege facts sufficient to sustain a cognizable claim against these defendants, petitioner's claim remains deficient. Accordingly, plaintiff's claim against defendants Schwarzenegger, Ayers, and Kelso are DISMISSED.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Defendants Schwarzenegger, Ayers, and Kelso are DISMISSED.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint in this matter (docket no. 9), all attachments thereto, and copies of this order on **Dr. Jarom Daszko** at **CSP-San Quentin**. The clerk shall also serve a copy of this order on plaintiff and mail a courtesy copy of the complaint to the California Attorney General's Office.

3. No later than **ninety (90) days** from the date of this order, defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims for failure to protect, retaliation, and sexual orientation discrimination in the complaint.

    a. If defendant elects to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

    b. Any motion for summary judgment shall be supported by adequate factual

1 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
2 Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified**
3 **immunity found, if material facts are in dispute.  If defendant is of the opinion that this**
4 **case cannot be resolved by summary judgment, he shall so inform the court prior to the**
5 **date the summary judgment motion is due.**

6       4. Plaintiff's opposition to the dispositive motion shall be filed with the court and
7 served on defendants no later than **thirty (30) days** from the date defendant's motion is filed.

8       a. In the event defendant files an unenumerated motion to dismiss under
9 Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of
> the Federal Rules of Civil Procedure, on the ground you have not exhausted your
> administrative remedies.  The motion will, if granted, result in the dismissal of
> your case.  When a party you are suing makes a motion to dismiss for failure to
> exhaust, and that motion is properly supported by declarations (or other sworn
> testimony) and/or documents, you may not simply rely on what your complaint
> says.  Instead, you must set out specific facts in declarations, depositions, answers
> to interrogatories, or documents, that contradict the facts shown in the defendant's
> declarations and documents and show that you have in fact exhausted your
> claims.  If you do not submit your own evidence in opposition, the motion to
> dismiss, if appropriate, may be granted and the case dismissed.

16       b. In the event defendant files a motion for summary judgment, the
17 Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary  judgment by which
> they seek to have your case dismissed.  A motion for summary judgment under
> Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for
> summary judgment.  Generally, summary judgment must be granted when there is
> no genuine issue of material fact--that is,  if there is no real dispute about any fact
> that would affect the result of your case, the party who asked for summary
> judgment is entitled to judgment as a matter of law, which will end your case.
> When a party you are suing makes a motion for summary judgment that is
> properly supported by declarations (or other sworn testimony), you cannot simply
> rely on what your complaint says.  Instead, you must set out specific facts in
> declarations, depositions, answers to interrogatories, or authenticated documents,
> as provided in Rule 56(e), that contradict the facts shown in the defendants'
> declarations and documents and show that there is a genuine issue of material fact

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Partial Dismissal; Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.09\Davis990srv.wpd     5

for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    5.    Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    7.    All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

    8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

IT IS SO ORDERED.

DATED: 3/23/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge