*E-FILED - 1/27/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULYSSES DAVIS, JR., ) | No. C 09-2990 RMW (PR) |
| ) Plaintiff, ) | ORDER GRANTING |
| v. ) | DEFENDANT'S MOTION |
| ) | FOR SUMMARY JUDGMENT |
| DR. JAROM DASZKO, ) | |
| ) Defendant. ) | |

Plaintiff, a California prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 against defendant on January 11, 2010. The court GRANTS defendant's motion for an extension of time to file his dispositive motion. Defendant's motion for summary judgment, filed July 14, 2010, is deemed timely. Although given an opportunity, plaintiff has not filed an opposition. Having carefully considered the papers submitted, the court hereby GRANTS defendant's motion for summary judgment.

**STATEMENT OF FACTS[1]**

Plaintiff's medical records indicate that in January and October 2006, plaintiff's glucose levels were either borderline normal or above normal. (Decl. Daszko at ¶ 3.) Because plaintiff reportedly also had a personal and family history of diabetes, defendant believed that plaintiff's glucose levels needed to be monitored. (Id. and Ex. B.) Between January and February 2007,

---

[1] Unless otherwise noted, all facts presented below are undisputed.

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.09\Davis990msj.wpd

1  defendant was responsible for the medical care of plaintiff. (Amended Complaint ("AC") at 3.)
2  On January 12, 2007, plaintiff had lab work done to check his fasting glucose levels, and they
3  came back at higher than normal amounts, which indicated a need to control plaintiff's glucose.
4  (Decl. Daszko at ¶ 5.) On January 30, 2007, defendant met with plaintiff and they discussed
5  plaintiff's elevated glucose levels and the possibility that he suffered from diabetes. (Id. at ¶ 6.)
6  Defendant directed plaintiff to monitor his glucose levels. (Id.)

   On February 1, 2007, plaintiff submitted a Health Care Request Form requesting to see
the doctor because that morning, his blood sugar was calculated as higher than normal even
though he had fasted. (Id. at ¶ 7; Ex. E.) In the form, plaintiff relayed that defendant had
explained to him that he was close to having to start taking diabetic medication again. (Decl.
Daszko at ¶ 7; Ex. E.)

   Based on plaintiff's request for health care, defendant saw plaintiff again on February 8,
2007 to discuss his elevated glucose levels. (Decl. Daszko at ¶ 8.) Defendant prescribed
Glucophage[2] to plaintiff on February 8, 2007, in an attempt to lower elevated glucose levels. (Id.
at ¶ 10.) Plaintiff's medical records indicate that he continued to have elevated glucose levels
through March 2007. (Ex. G.)

   Plaintiff alleges that on February, 8, 2007, he went to see defendant about an infected
scalp condition, but instead, defendant ordered a diabetic test and lab work, and prescribed 500
milligrams of metformin, a diabetic medication. (AC at 4.) On the other hand, defendant states
that plaintiff did not mention his scalp infection that day, but did mention that he was
experiencing pain in his lower back. (Decl. Daszko at ¶ 8.) Defendant disputes that he refused
to treat plaintiff's scalp infection; rather, defendant states that plaintiff, in fact, had ongoing
prescriptions for benzoyl peroxide, erythromycin, and lotrizone cream. (Id. at ¶¶ 8, 11.)

**DISCUSSION**

A.   Standard of Review

   Summary judgment is proper where the pleadings, discovery and affidavits demonstrate

---

[2] According to http://www.medicinenet.com/metformin/article.htm, Glucophage is a brand name for the generic drug, metformin.

that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is not the task of the court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. Id. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp v. Catrett, 477 U.S. at 323.

B.   Plaintiff's Claim

In his amended complaint,[3] plaintiff alleges that defendant was deliberately indifferent to

---

[3] While the court treated plaintiff's verified amended complaint as an affidavit opposing summary judgment, see Keenan v. Hall, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996), in analyzing the defendant's motion for summary judgment, the court did not consider his original complaint or

his medical needs. Plaintiff claims that defendant interfered with his medical treatment, and incorrectly diagnosed him with having diabetes, which caused defendant to prescribe diabetic medication to him. (AC at 2.) Plaintiff claims that the medication "could of very well killed [him]" [sic]. (Id. at 3.)

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Negligence "in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." McGuckin, 974 F.2d at 1059. In order to state a

---

the exhibits attached thereto. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citation omitted). In the court's December 8, 2009 order dismissing the complaint with leave to amend (docket no. 7), the court warned plaintiff that an amended complaint would supercede his original complaint, and that the amended complaint could not incorporate material from the original complaint by reference. Since the original pleading was superseded by the amended pleading, the original pleading no longer performs any function. See id.

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.09\Davis990msj.wpd           4

cognizable claim, the prisoner must allege acts or omissions that are sufficiently harmful to demonstrate deliberate indifference. Id.

Deliberate indifference "may be manifested in two ways. It may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir. 1988). In order for deliberate indifference to be established, there must first be a purposeful act or failure to act on the part of the defendant and resulting harm. See McGuckin, 974 F.2d at 1060. "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." Id. Second, there must be a resulting harm from the defendant's activities. Id.

With respect to defendant's alleged misdiagnosis of diabetes and subsequent prescription of diabetic medication, there is an absence of evidence that plaintiff experienced any harm. See id. The only indication that plaintiff suffered any ill-effects from defendant's actions is his self-serving and single conclusory statement that the medication "could of very well killed [him]" [sic]. (AC at 3.) This is insufficient to establish a genuine issue of material fact. See Rodriguez v. Airborne Express, 265 F.3d 890, 902 (9th Cir. 2001); see also Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005) (in an equal protection case, conclusory statement of bias not sufficient to carry nomoving party's burden).

Moreover, plaintiff does not dispute defendant's submitted evidence that he displayed above-normal glucose levels in January and February 2007. In fact, plaintiff's medical records showed that defendant believed plaintiff had a personal or familial history of diabetes, which resulted in defendant ordering plaintiff to monitor his blood sugar levels. In addition, contrary to plaintiff's amended complaint, defendant submits evidence that plaintiff was also concerned about his high glucose levels on February 1, 2007, and submitted a health request form to be seen by the doctor for that reason. (Decl. Dasko at ¶ 7; Ex. E.) Even if plaintiff believed he was not diabetic and did not need diabetic medication, he has tendered no competent evidence that defendant's actions were medically unacceptable under the circumstances and that he chose this course in conscious disregard of an excessive risk to plaintiff's health. See Toguchi v. Chung,

Order Granting Defendant's Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.09\Davis990msj.wpd          5

391 F.3d 1051, 1058-60 (9th Cir. 2004) (stating that a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference).

With respect to plaintiff's allegation that defendant refused to treat his scalp infection, again, there is an absence of evidence that plaintiff experienced any harm. See McGuckin, 974 F.2d at 1060. Even if defendant did refuse to treat plaintiff's scalp infection, aside from plaintiff's assertion, he does not provide any evidence or even allege that there was a resulting harm from defendant's action or inaction. In contrast, defendant proffered evidence that on February 8, 2007, plaintiff's medical records indicated that he was already receiving medication for his scalp condition. (Decl. Daszko at ¶ 8, 11.) Moreover, there is an absence of evidence that defendant knew plaintiff faced a substantial risk of serious harm if he did not treat plaintiff's scalp infection that day, and disregarded that risk. See Farmer, 511 U.S. at 837.

Thus, because plaintiff has not "come forth with evidence from which a jury could reasonably render a verdict in [his] favor," In re Oracle Corporation Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010), defendant is entitled to summary judgment as a matter of law. See Celotex Corp., 477 U.S. at 323. Viewing the facts in the light most favorable to plaintiff, the evidence does not demonstrate that defendant was deliberately indifferent to plaintiff's serious medical needs in violation of his Eighth Amendment right.

## CONCLUSION

Defendant's motion for summary judgment is GRANTED. Plaintiff's Eighth Amendment claim is DISMISSED with prejudice. The clerk shall terminate all pending motions.

IT IS SO ORDERED.

DATED: 1/25/11

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge